DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **JEFFREY J. PROSSER and JOHN RAYNOR,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**GRETCHEN SHAPPERT, Virgin Islands** )<br>**United States Attorney, in her official** )<br>**capacity and MERRICK B. GARLAND, the** )<br>**United States Attorney General, in his** )<br>**official capacity,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:21-cv-0026 |

**APPEARANCES:**

**Jeffrey J. Prosser,** *Pro se*
Palm Beach, FL

**John P. Raynor**, *Pro se*
Omaha, NE
    *Plaintiffs*,

**Kimberly L. Cole, Esq.**
Assistant United States Attorney
St. Thomas, VI
    *For Defendants*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** is the motion of Defendants to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6), filed on June 10, 2021. (ECF No. 8.) Plaintiffs filed a response to the motion and moved for an evidentiary hearing. (ECF Nos. 15 and 16.) The time for filing a reply has expired. For the reasons stated below, the Court will grant the motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that they are victims of a racketeering enterprise. They filed the instant action on March 16, 2021, (*see* ECF No. 1), to "obtain documents . . . necessary to . . . redress: the Enterprise Retaliatory Acts and the Enterprise's Financial Racketeering Activities [sic]." Complaint (Compl.) (ECF No. 1) at 9. Specifically, Plaintiffs seek certain documents that are under seal in a criminal matter decided in this Court, *United States v. Williams et al.*, Case No. 3:12-cr-0033. *See* Compl. at 8-9, 22-26.

Plaintiffs further allege that, in early 2007, United States Bankruptcy Judge Judith K. Fitzgerald (ret.), who presided over Plaintiff Prosser's bankruptcy proceedings, became compromised by the racketeering enterprise and "became a willing participant in the Enterprise Retaliatory Acts [sic] denying [Plaintiff Prosser's bankruptcy cases] of the due process of impartial adjudications as well as equal protection of the Bankruptcy Law [sic]." Compl. at 17, ¶ 36. Plaintiffs incorporate by reference allegations asserted in a separate proceeding filed in another jurisdiction that the "DOJ forced the Bankruptcy Judge to resign" and that the "DOJ and the Compromised Judge [sic] have entered into one or more agreements related to the Compromised Judge's [sic] resignation from the Bench." *Id.* at 29. Plaintiffs claim they "are entitled to all records related to DOJ's agreements with the Former Bankruptcy Judge [sic] which prove the Compromised Bankruptcy Judge's [sic] misconduct, including all supporting documents, including [sic] testimony and admissions." *Id.* at 40, ¶ 123.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party may move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F. 2d

884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F. 3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the Court may also consider "documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Insurance Brokerage Antitrust Litig.*, 618 F. 3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. DISCUSSION

As stated, Plaintiffs seek certain documents from Defendants that they claim are "essential to end a continuing miscarriage of justice." Compl. at 1.

### A. *Subject Matter Jurisdiction*

Federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based upon only federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Clearly, the complaint in this matter does not assert admiralty/maritime claims. Thus, the Court examines the two remaining bases of subject matter jurisdiction.

### 1. Federal Question

Because Defendants present a *pre-answer* 12(b)(1) challenge, the Court construes the motion as a facial challenge. In its analysis, the Court takes the allegations of the complaint and attached documents as true and considers whether the complaint alleges facts sufficient to establish the Court's jurisdiction over the case. "[J]urisdiction in the federal courts is limited . . . and exists in only two circumstances: when a complaint asserts a cause of action

under some provision of federal law . . . or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest . . . ." *Abulkhair v. Liberty Mut. Ins. Co.*, 441 F. App'x 927, 930 (3d Cir. 2011) (citations omitted). Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." *Id.*

The Complaint identifies three bases for jurisdiction: the Declaratory Judgments Act, (28 U.S.C. §§ 2201 and 2202), 42 U.S.C. § 1983, and judicial review under the Administrative Procedures Act (5 U.S.C. §§ 701-706). Compl. at 4.

It is well established that neither the Declaratory Judgments Act nor the judicial review provision of the Administrative Procedures Act confers federal jurisdiction by itself. *See, e.g., Trudeau v. FTC*, 456 F. 3d 178, 183 (D.C. Cir. 2006) ("The APA, however, is not a jurisdiction-conferring statute. As the Supreme Court held in *Califano v. Sanders*, 'the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action.' 430 U.S. 99, 107, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)"); *Cutaiar v. Marshall*, 590 F. 2d 523, 527 (3d Cir. 1979) ("Title 28 U.S.C. § 2201 allows a federal court to grant a declaratory judgment in 'a case of actual controversy.' The statute creates a remedy only; it does not create a basis of jurisdiction, and does not authorize the rendering of advisory opinions."); *Cody v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 3:19-cv-1935-K, 2021 U.S. Dist. LEXIS 20406, at *30-31 (N.D. Tex. Feb. 3, 2021), *aff'd*, 2021 U.S. App. LEXIS 34557 (5th Cir. Nov. 19, 2021), ("The Declaratory Judgment Act does not create a substantive cause of action as it is only procedural."); *Post Performance, LLC v. Renaissance Imports, Inc.*, 333 F. Supp. 2d 834, 837-38 (E.D. Mo. 2004) ("[T]he Declaratory Judgment Act provides that, 'in a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.' 28 U.S.C. § 2201(a). 'In addition, . . . for a federal court to have jurisdiction over an actual controversy, a federal question arising under the Constitution, laws or treaties of the United States must be involved, 28 U.S.C. § 1331, since it is well-settled that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts.'" (quoting *Starter Corp. v. Converse, Inc.*, 84 F. 3d 592, 594 (2d Cir. 1996) (per curiam) (internal quotations omitted))

(other citation omitted))); *Crown Cork & Seal Co. v. Pennsylvania Human Relations Comm'n*, 463 F. Supp. 120, 124 (W.D. Pa. 1979) ("The Declaratory Judgment Act allows one who would otherwise be a defendant to obtain a determination of his rights before anyone has instituted an action against him. . . . The Declaratory Judgment Act is only a procedural device and does not expand the jurisdiction of the federal courts." (citations omitted)); *Ajay Nutrition Foods, Inc. v. FDA*, 378 F. Supp. 210, 213-14 (D.N.J. 1974) ("The *Zimmerman* case makes it clear, however, that the APA is itself not jurisdiction-conferring." (citing *Zimmerman v. United States*, 422 F. 2d 326, 330 (3d Cir. 1970))); *Ottley v. De Jongh*, 149 F. Supp. 75, 77 (D.V.I. 1957) ("It must be remembered that the Declaratory Judgments Act is a procedural statute. It did not enlarge the jurisdiction of courts of the United States to which it was made applicable."). Thus, to determine the existence of subject matter jurisdiction under the Declaratory Judgment Act or the judicial review provision of the Administrative Procedure Act, the Court looks to whether an "actual controversy, a federal question arising under the Constitution, laws or treaties of the United States [is] involved." *Post Performance*, 333 F. Supp. 2d at 838.

Defendants argue that no actual controversy exists. ECF No. 9 at 5-7. The Court addresses this argument in the following section regarding dismissal for failing to state a claim upon which relief can be granted. *See, e.g., Cody*, 2021 U.S. Dist. LEXIS 20406, at *30 ("It is the underlying cause of action that is actually litigated in a declaratory judgment claim. . . . To be entitled to relief under the Declaratory Judgment Act, the plaintiff must allege sufficient facts that there exists 'a substantial and continuing controversy between the two adverse parties.'" (citations omitted)).

The only remaining basis of jurisdiction asserted by Plaintiffs is 42 U.S.C. § 1983. Plaintiffs sue each named Defendant in their official capacity. As the District Court of New Jersey succinctly summarizes regarding § 1983 official-capacity suits:

> It is well-settled "that the United States of America may not be sued without its consent." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980); *see F.D.I.C.*, 510 U.S. at 475; *see United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990). The consent "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992)). "Absent a waiver, sovereign immunity shields the Federal Government . . . ." *F.D.I.C.*, 510 U.S. at 475; *see Mierzwa v. U.S.*, 282 Fed.

Appx. 973, 977 (3d Cir. 2008). Additionally, sovereign immunity extends to federal employees acting in their official capacity. *Webb v. Desan*, 250 Fed. Appx. 468, 471 (3d Cir. 2007). Importantly, neither the United States nor its agencies — and employees who act on behalf of those agencies — have waived sovereign immunity for constitutional claims under § 1983. *United States v. Testan*, 424 U.S. 392, 400-02, 96 S. Ct. 948, 47 L. Ed. 2d 114 (1976).

*Balice v. United States*, Civil Action No. 17-13601(FLW), 2018 U.S. Dist. LEXIS 131530, at *9 (D.N.J. Aug. 6, 2018); *see also* Conner v. FCI Schuylkill, 2016 U.S. Dist. LEXIS 2188, at *5 (M.D. Pa. Jan. 6, 2016) ("'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.' *United States v. Mitchell*, 463 U.S. 206, 212 (1983). 'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). 'Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent."' *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Thus, claims against the defendants in their official capacities are really claims against the United States and are barred absent a waiver of sovereign immunity. . . ."). Because Plaintiffs bring this suit against Defendants in their official capacity only and because Defendants are shielded by sovereign immunity acting in their official capacity, no subject matter jurisdiction exists for a claim brought pursuant to § 1983.[1]

---

[1] The *Balice* court further found that, in the event the plaintiff sought to assert a *Bivens* claim, such claim also was barred:

> "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of law." *Martin v. New Jersey*, No. 16-3449, 2017 WL 1025178, at *3 (D.N.J. Mar. 16, 2017) (quoting *Velez v. Fuentes*, No. 15-6939, 2016 U.S. Dist. LEXIS 99328, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016)). "The federal corollary to § 1983 is *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), which implies a cause of action for damages against federal agents who allegedly violated the Constitution." *McCrudden v. United States*, No. 14-3532, 2016 U.S. Dist. LEXIS 42999, 2016 WL 1259965, at *2 (D.N.J. Mar. 31, 2016). A proper *Bivens* action cannot be brought against federal agencies, only federal agents. *Id.* Significantly, however, *Bivens* claims can only be brought against federal agents who have— in their *individual capacity*— allegedly violated the Constitution. *Bivens*, 403 U.S. at 397. In other words, *Bivens* actions do not permit plaintiffs to sue defendants who acted in their official capacity.
>
> Here, as this Court has noted *supra*, Plaintiff is suing the Individual Defendants in their official capacity, not in their individual capacity. Indeed, Plaintiff's Complaint does not

**2. Diversity**

Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount in controversy exceeds $75,0000.00.  28 U.S.C. § 1332(a). Here, Plaintiffs do not allege the citizenship of the parties. Because official-capacity suits are, in reality, suits against the United States, no diversity exists because the United States is not considered as a citizen for purposes of diversity jurisdiction.  *See, e.g., Harpster v. FBI*, 8:22CV97, 2022 U.S. Dist. LEXIS 126932, at *3 (D. Neb. July 18, 2022) ("[T]he United States and its agencies are not citizens for diversity purposes and cannot be sued in diversity." (collecting cases)). Therefore, the Court cannot exercise diversity jurisdiction.

**B. *Failure to state a claim***

In the event Plaintiffs could establish subject-matter jurisdiction, the Court considers whether Plaintiffs have alleged sufficient facts to allege a plausible claim for relief. Plaintiffs' primary prayer for relief is for the compelling of documents, some that were filed under seal in a criminal case in this Court and others that Plaintiffs claim are in the possession of Defendants. Defendants argue, however, that the proper venue for obtaining documents from a governmental agency is through a Freedom of Information Act (FOIA) request.

> Congress enacted the FOIA, 5 U.S.C. § 552, "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 655 F. 3d 1, 5, 398 U.S. App. D.C. 1 (D.C. Cir. 2011) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976)). The Supreme Court has explained that the FOIA is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-172, 124 S. Ct. 1570, 158 L. Ed. 2d 319 (2004) (citation and internal quotation marks omitted). "The basic purpose of FOIA is to ensure an

---

include any specific allegations connected to a defendant in his or her individual capacity. The Complaint, instead, only makes ambiguous and broad allegations against "named Defendants" asserting that they collectively, and generally, committed unconstitutional acts. Moreover, in his opposition, Plaintiff makes no reference to claims brought against the Individual Defendants in their individual capacity. As such, to the extent Plaintiff seeks to bring *Biven* claims against the Individual Defendants, they are dismissed.

*Balice*, 2018 U.S. Dist. LEXIS 131530, at *9-11. Likewise, Plaintiffs in the matter at bar allege no specific conduct on behalf of the individual named defendants, and nowhere do Plaintiffs reference that the Complaint is brought against Defendants in their individual capacities. Consequently, to the extent Plaintiffs allege any *Bivens* claims, those claims must be dismissed as well.

> informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed. 2d 159 (1978). As a result, the FOIA requires federal agencies to release all records responsive to a request for production. *See* 5 U.S.C. § 552(a)(3)(A).

*Shapiro v. United States*, 969 F. Supp. 2d 18, 25 (D.D.C. 2013). The United States Supreme Court has declared, "As the Act is structured, virtually every document generated by an agency is available to the public in one form or another, unless it falls within one of the Act's nine exemptions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975).

The Act and the regulations promulgated thereunder[2] outline the procedure for obtaining documents from a federal agency. The first step is to make a formal, written request.  5 U.S.C. § 552(a)(3)(A); 28 C.F.R. § 16.3; *McDonnell, v. United States*, 4 F. 3d 1227, 1236 (3d Cir. 1993) ("An agency's duty to make records available to 'any person' under that section is not absolute. Instead, § 552(a)(3) conditions the agency's duty upon receipt of a request that is made in accordance with published rules stating the time, place, fees, and procedures to be followed and that reasonably describes the records sought." (citations omitted)). As Defendants correctly state, the "Court has jurisdiction to compel disclosure of records from a federal agency only if the records were improperly withheld." ECF No. 19 at 6 (citing *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136 (1980) and *McDonnell*, 4 F. 3d at 1237 ("Moreover, . . . other portions of the legislative history of § 552 indicate that a person must have submitted a formal request under the FOIA in order to challenge an agency's decision not to release the requested documents."))). This requirement is explained by Justice Stewart's dissenting opinion in *United States v. Richardson*, 418 U.S. 166 (1974):

> The Freedom of Information Act creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied. 5 U.S.C. § 552 (a)(3). The statute requires

---

[2] Regulations regarding FOIA requests specific to the Department of Justice are found at 28 C.F.R. §§ 16.1-16.11. These regulations "are commonly referred to as '*Touhy* regulations,' following the decision in [*United States ex rel.*] *Touhy* [*v. Ragan*, 340 U.S. 462 (1951)]. 'To obtain information from a federal agency, a party "must file a request pursuant to the agency's regulations, and may seek judicial review only under the [Administrative Procedures Act ('APA')].'"" *Fareed v. Central Rivers Power MA, LLC*, Civil Action No. 3:20-11053 (MGM), 2021 U.S. Dist. LEXIS 154903, at *9 (citing *Cabral v. United States*, 587 F. 3d 13, 23 (1st Cir. 2009) (quoting *Puerto Rico v. United States*, 490 F. 3d 50, 61 n.6) (1st Cir. 2007))).

> nothing more than a request and the denial of that request as a predicate to a suit in the district court.

*Id*. at 204 (Stewart, J., dissenting), *quoted in McDonell*, 4 F. 3d at 1238. Defendants contend that Plaintiffs have not submitted a FOIA request; thus, the Department of Justice has not made any decision regarding the release of documents sought by Plaintiffs. ECF No. 9 at 6. Plaintiffs do not allege that they made a FOIA request to Defendants, nor does their Complaint specify or outline a FOIA claim.[3]

The Court has noted hereinabove that, to maintain an action for Declaratory Judgment, an underlying case or controversy must exist in order to confer federal subject matter jurisdiction. A fundamental component of a case or controversy is standing. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."); *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III. This is the threshold question in every federal case, determining the power of the court to entertain the suit."); *Common Cause v. Pennsylvania*, 558 F. 3d 249, 257-58 (3d Cir. 2009) ("'Article III, § 2, of the Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies." That case-or[-]controversy requirement is satisfied only where a plaintiff has standing.'" (quoting *Sprint Communications Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2535 (2008)). In the context of a claim brought under the FOIA, a "'case or controversy' conferring standing arises only when a person makes a request for information under the FOIA and the petitioned agency denies that request." *McDonnell*, 4 F. 3d at 1238.

---

[3] Plaintiffs argue that because the United States failed to raise the FOIA defense in the *Prosser v. Sessions* case before the District Court for the District of Columbia they are barred from raising it here. ECF No. 15 at 14, ¶ 59 ("FOIA Act was not raised within the DCDC action and therefore, it has been waived."). However, the case before the DC court sought to compel the United States Attorney General to intervene in Plaintiff Prosser's bankruptcy proceedings. *See Prosser v. Sessions*, 315 F. Supp. 3d 547 (D.D.C. 2018); *Prosser v. Whitaker*, Case No. 17-cv-01662 (TNM), 2018 U.S. Dist. LEXIS 193062 (D.D.C. Nov. 13, 2018). Plaintiffs' underlying claim in that case was not the production of documents, and the documents sought by Plaintiffs in the matter at bar were not formally addressed or considered by the DC Court. Consequently, the Court finds that the FOIA defense was not waived in the other proceeding and, thus, that Defendants are not barred from asserting it herein.

In *McDonnell*, the FOIA request was signed by only one of the plaintiffs. Because the name and signature of the other plaintiff did not appear, the court found he lacked standing. The court opines,

> We think a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents, *e.g.*, 32 C.F.R. § 701.7(c)(1)-(3) (1992), or notice of an agency decision to withhold the documents, *see id.* § 701.7(a); 5 U.S.C.A. § 552(a)(6)(A).

*McDonnell*, 4 F.3d at 1236-37. The court continues,

> *A "case or controversy" conferring standing arises only when a person makes a request for information under the FOIA and the petitioned agency denies that request. . . .* "[A] 'fundamental aspect of standing' is that it focuses primarily on the *party* seeking to get his complaint before the federal court rather than 'on the issues he wishes to have adjudicated.'" . . . The filing of a request, and its denial, is the factor that distinguishes the harm suffered by the plaintiff in an FOIA case from the harm incurred by the general public arising from deprivation of the potential benefits accruing from the information sought. . . . In the present case, McDonnell's name alone appears on the requests for records submitted to the FBI and the Navy. He alone pursued the administrative appeals of those agencies' decisions not to release the requested information, the exhaustion of which was a prerequisite to the district court's exercise of subject matter jurisdiction. Accordingly, only McDonnell has standing to pursue this case.

*Id*. at 1238 (citing *United States v. Richardson*, 418 U.S. 166 (1974)) (other internal citations and footnote omitted) (emphasis added). Moreover, as the *McDonnell* court also notes, before a district court may exercise jurisdiction over a FOIA claim, the claimant first must exhaust administrative remedies. *Id*. Plaintiffs do not dispute Defendants' representation that Plaintiffs never filed a FOIA request with the Department of Justice. Further, Plaintiffs' Complaint is devoid of any allegations regarding exhaustion of remedies.

Based upon the record and the facts before it, the Court finds that Plaintiffs never submitted a FOIA request with the Department of Justice.[4] In addition, Plaintiffs have not

---

[4] Despite Plaintiffs' citation to numerous statutory provisions that they claim authorizes disclosure of the requested documents, *see* ECF No. 16 at 7-10, the law is well settled that the proper avenue to obtain documents from a federal agency is by submitting a proper FOIA request or request pursuant to the appropriate agency's *Touhy* regulations. *See, e.g., Sanders v. United States*, Civil Action No. DKC-06-1528, 2006 U.S. Dist. LEXIS 95431, at *10-11 (D. Md. Nov. 11, 2006) ("The FOIA provides a mechanism for citizens to obtain documents from

alleged that they have exhausted any administrative remedies that were, are, may be, or may have been available to them. Consequently, the Court finds that, to the extent Plaintiffs assert a FOIA claim, Plaintiffs lack standing to do so, and, therefore, that no "case or controversy" exists to confer subject matter jurisdiction upon the Court.[5]

In their response to Defendants' motion, Plaintiffs attempt to assert standing pursuant to the Crime Victims Act, 18 U.S.C. § 3771. ECF No. 16 at 1 and 3. This statute confers specific enumerated rights to victims of crime. Accepting as true, for the purposes of the motion to dismiss, Plaintiffs' allegation that they are crime victims, the Court finds that the claims asserted by Plaintiffs do not fall within the scope of the statute. While the Act

---

federal agencies, and grants the federal district courts jurisdiction to review agency compliance with citizens' requests. To make requests under the FOIA, a citizen must follow the agency's published regulations regarding procedures to be followed. *See* 5 U.S.C. § 552(a)(3)(A)(ii); *Pollack v. Department of Justice,* 49 F. 3d 115, 118 (4th Cir. 1995). Before judicial review of compliance can occur, citizens must exhaust administrative agency procedures. *See* 5 U.S.C. § 552(a)(6)(C); *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 65 (D.C. Cir. 1990); *see also Gasparutti v. United States*, 22 F.Supp.2d 1114, 1116 (C.D. Cal.1998) ('In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action.')"). And, while "[a] federal-court litigant . . . can seek to obtain the production of documents from a federal agency by means of a federal subpoena," *Houston Bus. Journal v. Office of the Comptroller of the Currency, United States Dep't of Treasury*, 86 F. 3d 1208, 1212 (D.C. Cir. 1996) (citation omitted), Plaintiffs have not established subject matter jurisdiction, *id.* at 1213, and the record is devoid of a subpoena being issued to Defendants by Plaintiffs. Moreover, any subpoena also must have been issued in compliance with the Department's *Touhy* regulations. *See, e.g., Fareed v. Central Rivers Power MA, LLC*, Civil Action No. 3:20-11053 (MGM), 2021 U.S. Dist. LEXIS 154903, at *9 (collecting cases).

[5] The Court makes this finding regarding Plaintiffs' assertion of jurisdiction arising under both the Declaratory Judgment Act and the judicial review provision of the Administrative Procedure Act.
  Defendants state:

  Title 5 U.S.C. § 704 provides: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." In the instant case, not only is there no agency action to review, Plaintiffs have an adequate remedy via the FOIA. Thus, the plain language of the APA demonstrates that Plaintiffs' claims are not subject to judicial review. *Ctr. Platte Natural Res. Dist. v. U.S. Dep't of Agric*., 643 F.3d 1142, 1148 (8th Cir. 2011) ("the APA only allows review where there exists 'no other adequate remedy in a court.'"); see also, *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (holding that, because the district court has authority under the FOIA to order "production of the unredacted documents[plaintiff] seeks," the FOIA "clearly provides an alternate adequate remedy in court and thus triggers § 704's bar on claims brought under the APA") . . . . Furthermore, for the APA to apply, a complaining party must "assert that an agency failed to take a discrete agency action that it is required to take." Norton v. Southern Utah Wilderness All., 542 U.S. 55, 64 (2004) (emphasis in original). Here, Plaintiffs have not alleged that the DOJ failed to take any action. Indeed, Plaintiffs have not alleged that they even submitted a FOIA request to the DOJ before filing their complaint. Therefore, Plaintiffs' claims are not subject to judicial review under the APA.

ECF No. 9 at 8-9. The Court agrees and so finds.

authorizes crime victims the right to file actions to enforce the rights conferred by the statute, none of the rights listed include the right to demand or disclosure of the documents or information sought by Plaintiffs. 18 U.S.C. § 3771.[6] Despite Plaintiffs' reference to subparagraphs 1, 4, 5, and 7, ECF No. 16 at 4, the Court finds that these rights are inapplicable because the criminal proceedings in the *Williams* case have concluded and no criminal proceeding regarding the predicate acts underlying Plaintiffs' RICO allegations currently exists.

Plaintiffs also cite 34 U.S.C. § 20141, titled, "Services to Victims," as grounds for standing. ECF No. 16 at 1. This statute, like 18 U.S.C. § 3771, does not enumerate the right to receive documents or other evidence as one of the services mandated.[7] Plaintiffs contend that Defendants violated their obligation to "inform a victim of any restitution or other relief to which the victim may be entitled under this or any other law and [the] manner in which such relief may be obtained." 34 U.S.C. § 20141(c)(1)(B). *See* ECF No. 16 at 4. However, Plaintiffs seemingly overlook the fact that the statute specifically provides that it "does not create a cause of action or defense in favor of any person arising out of the failure of a

---

[6] The list of specific rights afforded by the Act are as follows:

> (1) The right to be reasonably protected from the accused.
> (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
> (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
> (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
> (5) The reasonable right to confer with the attorney for the Government in the case.
> (6) The right to full and timely restitution as provided in law.
> (7) The right to proceedings free from unreasonable delay.
> (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
> (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
> (10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims" Rights and Restitution Act of 1990 (42 U.S.C. 10607(c) [now 34 USCS § 20141(c)]) and provided contact information for the Office of the Victims" Rights Ombudsman of the Department of Justice.

18 U.S.C. § 3771(a)(1)-(10).

[7] Although one of the listed services to be provided is to "ensure that any property of a victim that is being held for evidentiary purposes be maintained in good condition and returned to the victim as soon as it is no longer needed for evidentiary purposes," 34 U.S.C. § 20141(c)(6), Plaintiffs do not allege that the documents and information they seek are or ever were their property.

responsible person to provide information as required by subsection (b) or (c)." 34 U.S.C. § 20141(d). Thus, even though Plaintiffs allege they are crime victims and even if 34 U.S.C. § 20141 could be construed to require Defendants to provide the information Plaintiffs seek to compel, Plaintiffs have no private right to enforce § 20141.

Assuming *arguendo* that Plaintiffs could establish subject matter jurisdiction, the Court finds, regarding the documents filed under seal in *Williams*, that Plaintiffs have not plausibly alleged a right to production of those documents, other than their alleged crime victim status, which the Court has determined herein does not afford access to those documents. In addition, the United States Court of Appeals for the Third Circuit informed Plaintiffs that it would not take judicial notice of such documents, but that Plaintiffs could request this Court to unseal them. *See* Order, *In re: National Rural Utilities Cooperative Finance Corporation, et al.*, Case No. 13-2076, Doc. No. 003111850654, filed Jan. 15, 2015.[8]

As for the alleged "agreements" between the Department of Justice and Judge Fitzgerald sought by Plaintiffs, nothing in the Complaint alleges plausible facts to support the allegations that such documents even exist. It is undisputed that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Plaintiffs appear to rely upon allegations made in their First Amended Complaint filed against the U.S. Attorney General to compel him to intervene in Plaintiff Prosser's bankruptcy proceedings. *See Prosser v. Sessions*, 315 F. Supp. 3d 547 (D.D.C. 2018); *Prosser v. Whitaker*, Case No. 17-cv-01662 (TNM), 2018 U.S. Dist. LEXIS 193062 (D.D.C. Nov. 13, 2018). (Plaintiffs insert portions of this amended complaint in the Compl. (ECF No. 1-1) at 29-33.) In lieu of an answer to the complaint and amended complaint in the District of Columbia case, the United States filed motions to dismiss. *See* Docket Sheet, *Prosser v. Sessions*, Civil Case No. 1:17-cv-01662-TNM (D.D.C.). Plaintiffs posit that "[b]y its silence, the DOJ has admitted the allegations in the [First Amended Complaint] by failing to deny both the existence and

---

[8] This order was issued disposing of a motion filed by Plaintiffs as Appellants in Plaintiff Prosser's bankruptcy appeal asking the Third Circuit to "take Judicial Notice of the sealed records in *United States of American [sic] and the People of the Virgin Islands v. Alvin L. Williams, Jr., et al*, Virgin Islands District Court, Cr. No. 2012-33." Motion Requesting the Court to Take Judicial Notice at 1, *In re: National Rural Utilities Cooperative Finance Corporation, et al.*, Case No. 13-2076, Doc. No. 003111796374, filed Nov. 14, 2014.

gravamen of the allegations regarding the DOJ's agreements with [Judge Fitzgerald]." Compl. at 34, ¶ 89. Plaintiffs also argue that the Department of Justice's "failure to refute the bribery accusation" contained in the Prosser affidavit submitted to the Third Circuit in support of their motion to take judicial notice, "is an "adoptive admission" embodied in Fed. R. Evid. 801(d)(2)(B)." ECF No. 15 at 7, ¶ 20. However, the rule of "adoptive admissions" normally is applied in the context of evidence admissible at trial, not regarding allegations contained in a complaint or affidavit. Even if the Court were to apply the rule of adoptive admissions to the matter at bar, Plaintiffs have not adequately alleged facts to support a finding of an adoptive admission regarding the allegations asserted in Plaintiffs' amended complaint filed with the District Court for the District of Columbia or the Prosser affidavit filed with the Third Circuit Court of Appeals.

As the New Jersey District Court, ruling on a motion for protective order, in *Robotic Parking Sys., Inc. v. City of Hoboken*, Civil Action No. 06-3419 (SRC) (MAS), 2010 U.S. Dist. LEXIS 4575, at *21-22 (D. N. J. 2010), explains:

> First, the parties are reminded that we are still in the early stages of pre-trial discovery, and as such, issues of the admissibility of evidence, admissions and hearsay will be properly discussed and raised during the final pretrial conference and at trial, should the parties be unable to amicably settle this matter. Nonetheless, this Court will address the issue to avoid any and all uncertainty by the parties.
>
> To find that silence is an adoptive admission, this Court must consider "(1) whether the statement was such that, under the circumstances, an innocent person would deny the statements and (2) whether there are sufficient foundational facts from which the jury may infer that the defendant heard, understood, and acquiesced in the statement." *U.S. v. Lafferty,* 503 F.3d 293, 306 (3d Cir. 2007). When silence is relied upon for the assertion that statements were adopted and acquiesced to, the person requesting a finding of adoptive admissions must demonstrate that, under the circumstances, a person would ordinarily protest or object to such statements if they were untrue. *See id.* (citing to Fed. R. Evid. 801 advisory comm. notes).
>
> Here, simply because Robotic failed to refute each and every factual assertion in Unitronics's brief does not mean that it was an adoptive admission or that Robotic "has manifested an adoption or belief in its truth." *See* Fed. R. Evid. 801(d)(2)(B).

*Prosser et al. v. Shappert et al.*
Case No. 3:21-cv-0026
Memorandum Opinion
Page 16 of 18

*Id*. at *21-22. Similarly, in the matter at bar, the Court finds that the United States' failure to address every allegation of Plaintiffs' complaints in *Prosser v. Sessions/Prosser v. Whitaker* in its motions to dismiss and its non-filing of a response or opposition to Plaintiffs/Appellants' motion to take judicial notice before the Third Circuit cannot be interpreted to mean they were adoptive admissions or that Defendants and/or the Department of Justice has "manifested an adoption or belief in its truth." *See, e.g., Consumers Power Co. Derivative Litigation*, 132 F.R.D. 455, 487 n.56 (E.D. Mich. 1990) ("In order to constitute an adoptive admission by silence, the offering party must show that, under the circumstances of the case, a failure to respond is so unnatural that it supports the inference that the opposing party acquiesced in the statement." (citing *Ricciardi v. Children's Hospital Medical Center*, 811 F. 2d 18, 24 (1st Cir. 1987)). The contexts in which Plaintiffs contend Defendants and/or the Department of Justice allegedly made the "adoptive admissions" do not lend themselves to an inference that a failure to respond is "so unnatural" that Defendants and/or the Department of Justice acquiesced in the statements.[9]

Moreover, Plaintiffs provide no other factual support that Defendants have manifested an adoption or belief in the truth of Plaintiffs' allegations. *See, e.g., Harris v. Straub*, Case No. 99-CV-72649-DT, 2001 U.S. Dist. LEXIS 20842, at *21 (E.D. Mich. May 8, 2001) ("When a statement is offered as an adoptive admission, the primary inquiry is whether the statement is such that, under the circumstances, an innocent person would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement. . . . Adoption of the statement can be manifested by any appropriate means, such as language, conduct, or silence." (citing *Neuman v. Rivers*, 125 F. 3d 315, 320 (6th Cir. 1997)); *Carr v. Deeds*, 453 F. 3d 593, 607 (4th Cir. 2006) ("'A party may manifest adoption of

---

[9] Further, Plaintiffs misconstrue the Order of Circuit Judge McKee denying their motion to take judicial notice. As stated in the order, Plaintiffs' motion was denied without prejudice, meaning that the motion was denied, but upon a subsequent change in circumstances or law or upon a greater showing, Plaintiffs were free to submit a second motion seeking the same relief. This Court will not imply any other meaning to the said order and certainly not the meaning suggested by Plaintiffs, that it somehow acknowledges Plaintiffs have standing or a right to access the sealed documents. *See* ECF No. 15 at 7-8, ¶ 24. The order merely states that Plaintiffs could request this Court to unseal the documents. Order, *In re: National Rural Utilities Cooperative Finance Corporation, et al.*, Case No. 13-2076, Doc. No. 003111850654, filed Jan. 15, 2015. It also explicitly warns that "[n]othing is to be inferred about the potential merits of any subsequent request that this Court take judicial notice." *Id*.

a statement in any number of ways, including through words, conduct, or silence.' . . . However, '[w]hen a statement is offered as an adoptive admission, the primary inquiry is whether the statement was such that, under the circumstances, an innocent defendant would normally be induced to respond, and whether there are sufficient foundational facts from which the jury could infer that the defendant heard, understood, and acquiesced in the statement.'" (citations omitted)); *Ricciardi v. Children's Hospital Medical Center*, 811 F. 2d 18, 24 (1st Cir. 1987) (where the court affirmed the lower court's finding of no adoptive admission, stating, "Ricciardi did not make any showing to the district court, however, of circumstances under which Dr. Norwood "manifested his adoption or belief" in the note's truth. He points only to Dr. Norwood's deposition testimony, which was not before the district court and is not entitled to be considered here. . . . *Weinstein's Evidence* para. 801(d)(2)(B)[01], at 801-202 n.15 (" In all cases . . . the burden is on the proponent to convince the judge that in the circumstances of the case a failure to respond is so unnatural that it supports the inference that the party acquiesced in the statement.") (citations and footnote omitted))). Consequently, in the absence of allegations of plausible facts to support a finding of adoptive admission, the Court finds that Plaintiffs have not plausibly alleged the actual existence of the alleged "agreements" between Defendants and/or the Department of Justice and Judge Fitzgerald.

In sum, the Court finds that Plaintiffs have failed to demonstrate either standing to pursue a claim or a plausible claim for relief based on any alleged "agreements" between Defendants and/or the Department of Justice and Judge Fitzgerald.[10]

---

[10] Plaintiffs appeal to the Court's duty to maintain the "integrity of the bankruptcy system." ECF No. 16 at 7-14. The Court finds that this proceeding is not the proper forum to address Plaintiffs' concerns. Those issues should have been and some were raised in Plaintiff Prosser's bankruptcy proceedings and addressed therein and in the appeals related thereto. Thus, the Court finds that any issues that already were brought before the bankruptcy court and court of appeals are barred by the doctrine of *res judicata* and that those issues not raised therein have been waived.

## IV. CONCLUSION

Because the Court finds that Plaintiffs have failed to state any claims upon which relief can be granted and because the Court finds that it lacks subject matter jurisdiction, the Court will grant Defendants' motion to dismiss. An appropriate Order follows.

**Dated:** October 19, 2022               */s/ Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**